demonstrate that his mental condition constitutes an extraordinary condition. *See Gabaldon,* 522 F.3d at 1124.

Fourth, Saenz–Jurado argues that his state trial attorney had a conflict of interest because the attorney was simultaneously representing a co-defendant. We reject this argument because Saenz–Jurado has not explained how this alleged conflict of interest (which also appears to be one of the substantive bases for the habeas relief he seeks) prevented him from timely filing his federal habeas application.

Fifth, equitable tolling is also appropriate when a defendant is actually innocent of the crimes of which he was convicted. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000). Saenz–Jurado argues that he is innocent because the cocaine he was convicted of distributing belonged to someone else. But given his concession that the cocaine was found inside the vehicle he was driving (even though it was also occupied by another individual), he has made no showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of the offense. *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quotation omitted). Further, Saenz–Jurado's claim that the state court did not establish a factual basis for his conviction faces the same deficiency; he does not make the required showing of actual innocence.

Finally, Saenz–Jurado challenges the district court's refusal to appoint counsel. Unless the district court determines that an evidentiary hearing is required, a habeas petitioner does not have a right to counsel at this stage. *Engberg v. Wyoming,* 265 F.3d 1109, 1122 n. 10 (10th Cir.2001). The decision to appoint counsel is thus within the sound discretion of the district court. *Id.* at 1122. Our review of the record does not reveal a reason to disturb the exercise of that discretion in this case.

### III

Accordingly, jurists of reason would not find debatable the district court's conclusion that Saenz–Jurado's habeas application was time barred. Saenz–Jurado's application for a COA is **DENIED,** and his appeal is **DISMISSED.** His motion for appointment of counsel is **DENIED.** Because we agree with the district court that this appeal is not taken in good faith, his motion to proceed IFP on appeal is **DENIED.** *See* 28 U.S.C. § 1915(a)(3).

**Roosevelt BROCKS, Plaintiff—Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS; Sedgwick County, Kansas, Sheriff, their agents, employees, successors, executors, administrators, and servants, and all other persons, Defendants—Appellees.**

No. 08–3340.

United States Court of Appeals, Tenth Circuit.

May 27, 2009.

his caregivers had violated his rights, his complaint failed to allege facts that would render the defendants liable. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009) (in reviewing a dismissal of a claim, courts are to examine "whether the complaint contains enough facts to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

Under § 1983 neither the Board nor the sheriff (sued in his official capacity) is liable simply because an employee violated Mr. Brocks's constitutional rights. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (rejecting respondeat superior liability). Rather, they can be held liable only for establishing a "policy" or "custom" that was the "moving force" behind Mr. Brocks's injuries. *Id.* at 403–04, 117 S.Ct. 1382 (internal quotation marks omitted). Moreover, a claim based on an alleged policy or custom of failing to act (such as a failure to train employees) can be successful only if the inaction resulted from "deliberate indifference" to the plaintiff's rights, as opposed to mere negligence. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (internal quotation marks omitted). As the district court observed, however, "One cannot be deliberately indifferent without some knowledge of the alleged situation." *Brocks v. Bd. of County Comm'rs of Sedgwick County*, No. 08–1134–WEB, 2008 WL 5095997, at *4 (D.Kan. Nov.26, 2008). For the reasons stated in the district court's cogent and thorough memorandum and order, we agree that the complaint fails to contain the allegations required for stating a claim against the Board or against the sheriff in his official capacity.

As for the individual-capacity claim against Sheriff Steed, it fails for similar reasons. In an individual-capacity suit, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008). The complaint must allege that the supervisor was personally involved. *See id.* Again, we agree with the district court's persuasive analysis that the complaint fails to satisfy this requirement with respect to the claim against Sheriff Steed individually.

We AFFIRM the judgment below.

# UNITED STATES of America, Plaintiff–Appellee,

v.

## Charles Edward HARRIS, Jr., Defendant–Appellant.

### No. 08–1090.

United States Court of Appeals, Tenth Circuit.

June 10, 2009.

Paul Farley, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Barbara L. Costa, Virginia L. Grady, Raymond P. Moore, Federal Public Defender, Federal Public Defender for the Districts of Colorado and Wyoming, Denver, CO, for Defendant–Appellant.

Charles Edward Harris, Jr., Terre Haute, IN, pro se.